**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1264**

EDWYN ENRIQUE GOMEZ-CASTRO,

    Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 20, 2020       Decided:  October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jaime W. Aparisi, Silver Spring, Maryland, for Petitioner.  Ethan P. Davis, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwyn Enrique Gomez-Castro (Gomez), a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In this court, as in his administrative appeal, Gomez challenges only the denial of his request for CAT relief. For the reasons explained below, we deny the petition for review.

To qualify for protection under the CAT, an applicant bears the burden of establishing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). To state a prima facie case for relief, an applicant must show that he or she will be subject to "severe pain or suffering, whether physical or mental, . . . [that] is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971 (4th Cir. 2019). The applicant need not prove the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales*, 495 F.3d 113, 115 (4th Cir. 2007). While we review for substantial evidence the relevant factual findings related to the denial of CAT relief, we review de novo the involved legal determinations. *Rodriguez-Arias*, 915 F.3d at 972.

In considering Gomez's challenges to the denial of CAT relief, we have reviewed the administrative record, including the transcript of his merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any

2

of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B); substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020); and the agency committed no legal error in its adjudication of Gomez's CAT claim, *Rodriguez-Arias*, 915 F.3d at 972. Accordingly, we uphold the denial of protection under the CAT for the reasons stated by the Board. *In re Gomez-Castro* (B.I.A. Feb. 6, 2020).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*